GUZOV OFSINK, LLC
Debra J. Guzov (DG 7125)
David J. Kaplan (DK 0100)
*Attorneys for Defendants Interpharm*
*Holdings, Inc. and Interpharm, Inc.*
600 Madison Avenue, 14th Floor
New York, NY 10022
(212) 371-8008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRECKENRIDGE PHARMACEUTICAL, INC.

                          Plaintiff,

            - against -

INTERPHARM HOLDINGS, INC. and
INTERPHARM, INC.

                          Defendants.

Index No.     08 cv 03479 (JES)


**Jury Trial Demanded**

---

## ANSWER AND COUNTERCLAIMS

Defendants Interpharm Holdings Inc. ("IHI") and Interpharm, Inc. and ("II")

(collectively, "Defendants" or "Interpharm"), by and through their counsel Guzov

Ofsink, LLC, respond as follows to the Complaint dated April 9, 2008 (the "Complaint")

of Breckenridge Pharmaceutical, Inc. ("Breckenridge"):

1.      Deny knowledge or information sufficient to form a belief as to the facts

alleged in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the facts

alleged in paragraph 2 of the Complaint.

3.      Admit the allegations contained in paragraph 3 of the Complaint.

4.      Admit the allegations contained in paragraph 4 of the Complaint.

5.      Admit the allegations contained in paragraph 5 of the Complaint.

6.      State that the allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no response is required.

7.      Deny the allegations contained in paragraph 7 of the Complaint.

8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 9 of the Complaint.

10.     Deny the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Deny the allegations contained in paragraph 12 of the Complaint.

13.     Deny the allegations contained in paragraph 13 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

14.     Deny the allegations contained in paragraph 14 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

15.     Deny the allegations contained in paragraph 15 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

18.     Deny the allegations contained in paragraph 18 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

23.     Deny the allegations contained in paragraph 23 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

24.     Deny the allegations contained in paragraph 24 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

25.     Deny the allegations contained in paragraph 25 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint, except admit the existence of the document referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to the validity of allegations concerning the existence or contents of reports from Plaintiff's customers.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint, except admit the existence of the communication referred to in that paragraph and respectfully refer the Court thereto for a full statement of its terms.

36.     Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

**Response to Count I**

40.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

**Response to Count II**

46.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

**Response to Count III**

52.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

**Response to Count IV**

57.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

**Response to Count V**

62.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

**Response to Count VI**

67.     Interpharm repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

## <u>As And For A First Affirmative Defense</u>

The Complaint fails to state a claim upon which relief may be granted.

## <u>As And For A Second Affirmative Defense</u>

Plaintiff's contract claims are barred by its own material and anticipatory breaches of contract.

## <u>As And For A Third Affirmative Defense</u>

Venue is improperly laid in this district pursuant to 28 U.S.C. § 1391.

## <u>As And For A Fourth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of waiver.

## <u>As And For A Fifth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of unclean hands.

## <u>As And For A Sixth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of estoppel.

## <u>As And For A Seventh Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of laches.

## <u>As And For An Eighth Affirmative Defense</u>

Plaintiff's claims are barred in their entirety by the mutual general release language contained in the Termination Agreement (as defined below).

## <u>As And For A Ninth Affirmative Defense</u>

Plaintiff has failed to mitigate its damages.

## <u>As And For A Tenth Affirmative Defense</u>

Plaintiff's claims are barred by Plaintiff's breach of the covenant of good faith.

## As And For An Eleventh Affirmative Defense

Plaintiff's claims are barred because Plaintiff willfully and voluntarily consented to, expressly or impliedly, and ratified and approved any such conduct and/or acts as may be shown on the part of Defendants.

## As And For A Twelfth Affirmative Defense

As a result of the false statements and concealments of material facts by Plaintiff, Plaintiff is estopped from asserting the claims alleged in the Complaint.

## First Counterclaim
### (Breach of Contract)

1.      On or around March 6, 2008, Plaintiff (including its subsidiary Centrix Pharmaceutical, Inc. ("Centrix")) and Interpharm entered into a certain letter agreement dated March 6, 2008 regarding termination of the Supply Agreement (the "Termination Agreement").

2.      Pursuant to the Termination Agreement, Interpharm agreed to supply Breckenridge a specified quantity of esterified estrogens and methyltestosterone ("EE/MT") products, primarily used to treat menopausal symptoms.  Interpharm agreed to deliver a certain portion of the EE/MT products by March 31, 2008, with the balance to be delivered as specified in purchase orders appended to the Termination Agreement.

3.      Two of the purchase orders referred to in the Termination Agreement required delivery of the EE/MT products by March 1, 2008 and March 24, 2008, respectively.

4.     Notwithstanding the express terms of the March 1, 2008 purchase order, Interpharm and Breckenridge agreed that delivery of the EE/MT product called for in that purchase order by March 24, 2008 would be acceptable to Breckenridge.

5.     Interpharm was ready, willing and able to deliver the EE/MT products called for by the two initial purchase orders by March 24, 2008.

6.     However, on or around March 24, 2008, and without justification or excuse, Breckenridge contacted Interpharm and repudiated its obligations under the Termination Agreement.  In particular, Breckenridge stated unequivocally that it would not accept delivery of any additional EE/MT products from Interpharm.

7.     Breckenridge failed to perform its obligations under the Termination Agreement and is in breach of thereof.

8.     As a result of Breckenridge's breach of its obligations under the Termination Agreement and its attached purchase orders, Interpharm has been damaged in an amount to be proven at trial but reasonably believed to be in excess of $1,800,000.00.

### Second Counterclaim
### (Declaratory Judgment/Injunction)

9.     Interpharm repeats and realleges the allegations contained in paragraphs 1 through 8 of the Counterclaims as if fully set forth herein.

10.     Paragraph 3 of the Termination Agreement states that "[t]his Agreement shall not be construed in any way to limit Interpharm's sales and marketing activities of EE/MT Products to customers other than Centrix and/or Breckenridge."

11.     Despite this clear contractual language, Breckenridge has commenced the instant action, has obtained a temporary restraining order, and continues to seek a

preliminary injunction aimed at limiting Interpharm's sales and marketing activities of EE/MT Products.

12.     As a result of Breckenridge's actions in violation of the Termination Agreement, Interpharm's goodwill and reputation in the industry is being impaired, and its ability to continue to operate as a going concern has been, and will continue to be, threatened absent injunctive relief.

13.     The harm to Interpharm resulting from Breckenridge's actions cannot be quantified in damages, and Interpharm therefore lacks an adequate remedy at law.

14.     A live controversy exists between Interpharm and Breckenridge concerning Breckenridge's violation of the terms of the Termination Agreement.

15.     By reason of the foregoing, Interpharm is entitled to a judgment declaring the rights of the parties to the Termination Agreement and preliminarily and permanently enjoining Breckenridge from making any interference in Interpharm's attempts to sell EE/MT Products to customers other than Breckenridge and/or Centrix.

### Third Counterclaim
**(Tortious Interference With Prospective Economic Advantage)**

16.     Interpharm repeats and realleges the allegations contained in paragraphs 1 through 15 of the Counterclaims as if fully set forth herein.

17.     At all relevant times, Interpharm had and continues to have an existing business relationship with Amneal Pharmaceuticals LLC ("Amneal") pursuant to which Amneal and Interpharm have engaged in extensive negotiations in preparation for Amneal's acquisition of Interpharm's assets.

18.     Upon information and belief, prior to Plaintiff's filing the instant action on or about April 9, 2008, Plaintiff knew of Interpharm's business relationship with Amneal

and intentionally interfered with such relationship in an effort to stifle, impede and impair the impending acquisition of Interpharm by Amneal.

19.    In particular, Plaintiff initiated the instant litigation against Interpharm seeking a preliminary injunction, with full knowledge that the claims asserted in support of Plaintiff's motion for preliminary relief are entirely meritless.

20.    Upon information and belief, at all relevant times, Plaintiff has known that Interpharm's market share of generic EE/MT (i) constitutes an integral aspect of Interpharm's business, (ii) represents a significant component of Amneal's impending acquisition of Interpharm, and (iii) played a critical role in Amneal's ultimate decision to acquire Interpharm's assets.

21.    Plaintiff's intentional interference with Interpharm's business relationship with Amneal was wrongful because Plaintiff initiated the instant baseless litigation by order to show cause seeking a preliminary injunction, with full knowledge that the claims asserted in support of Plaintiff's motion for preliminary relief are entirely meritless, and that Interpharm is presently in a uniquely vulnerable economic position.

22.    Upon information and belief, Plaintiff intended to use the economic threat of this litigation, regardless of its merits, to make Interpharm an unattractive acquisition target for Amneal and cause Amneal to withdraw from acquisition negotiations.  This amounts to wrongful use of extreme and unfair economic pressure by Breckenridge upon Interpharm's business relationship with Amneal.

23.    In addition, Plaintiff's interference with Interpharm's business relationship with Amneal was wrongful in that the institution of this baseless and sham litigation

constitutes an independent tort, namely, monopolization in violation of Section 2 of the Sherman Anti-Trust Act.

24.    As a result of Plaintiff's wrongful interference with Interpharm's business relationship with Amneal, Interpharm's business relationship with Amneal has suffered substantial injury.  Amneal has extracted significant economic concessions from Interpharm as a result of Breckenridge's lawsuit, and Amneal has threatened and continues to threaten to terminate such relationship prematurely.

25.    As a result of Plaintiff's wrongful interference with Interpharm's business relationship with Amneal, Interpharm has been damaged in an amount to be proven at trial but reasonably believed to be in excess of $2,000,000.00, and may be in excess of 68,000,000.00.

### Fourth Counterclaim
**(Monopolization Under Section 2 of the Sherman Anti-Trust Act)**

26.    Interpharm repeats and realleges the allegations contained in paragraphs 1 through 25 of the Counterclaims as if fully set forth herein.

27.    For purposes of Interpharm's monopolization claim, the relevant market is defined as entities purchasing the generic version of EE/MT (esterified estrogens and methyltestosterone), a prescription pharmaceutical product sold under the brand name Estratest® that is used to treat symptoms of menopause.

28.    Plaintiff (including its subsidiary, Centrix) possesses monopoly power in the relevant market, holding sixty to seventy percent of the generic EE/MT market. There are 3 other participants in this market (not including Interpharm), including Glenmark, Prasco and Lannett, who at present collectively hold the remaining thirty to forty percent of the market.

29.    Upon information and belief, at all relevant times, Plaintiff has known that Interpharm's market share of generic EE/MT (i) constitutes an integral aspect of Interpharm's business, (ii) represents a significant component of Amneal's impending acquisition of Interpharm, and (iii) played a critical role in Amneal's ultimate decision to acquire Interpharm's business.

30.    Upon information and belief, Plaintiff willfully obtained its monopoly power position through a pattern of exclusionary conduct, including initiating the instant baseless litigation by order to show cause seeking a preliminary injunction, with full knowledge that (i) the claims asserted in support of Plaintiff's motion for preliminary relief are entirely meritless, (ii) Amneal's acquisition of Interpharm is imminent, and (iii) Interpharm is presently in a particularly vulnerable economic position.

31.    Upon information and belief, Breckenridge has utilized sham litigations against other competitors in the past.  In particular, in or around December 2005 Breckenridge commenced litigation against Glenmark Pharmaceuticals Inc. USA ("Glenmark").  Upon information and belief, the claims asserted by Breckenridge against Glenmark were virtually identical to the claims asserted by Breckenridge in this action, and Breckenridge's action against Glenmark was discontinued when the lack of any factual basis for its claims was revealed during discovery.

32.    As a result of Plaintiff's willful monopolization of the generic EE/MT market, Interpharm has suffered the quintessential antitrust injury in that Interpharm's imminent acquisition by Amneal has already been compromised and seriously jeopardized as a direct result of Plaintiff's strategic, monopolistic efforts to freeze

Interpharm's generic EE/MT business and prevent Interpharm from completing an acquisition with a direct competitor of both Plaintiff and Interpharm.

33.     As a result of Plaintiff's willful monopolization of the generic EE/MT market, Interpharm has suffered further antitrust injury by virtue of the costs of defending against the instant sham litigation initiated by Plaintiff.

34.     As a result of Plaintiff's willful monopolization of the EE/MT market, Interpharm has been damaged in an amount to be proven at trial but reasonably believed to be in excess of $2,000,000.00, and may be in excess of $68,000,000.00.

**Prayer For Relief**

Wherefore, Defendants respectfully pray for the entry of a judgment:

a.     Dismissing the Complaint with prejudice in all respects, and

b.     On the First Counterclaim, granting judgment in favor of Defendants jointly as against Plaintiff in an amount to be proven at trial but believed to be in excess of $1,800,000.00, and

c.     On the Second Counterclaim, a judgment declaring the rights of the parties to the Termination Agreement and preliminarily and permanently enjoining Breckenridge from making any interference in Interpharm's attempts to sell EE/MT Products to customers other than Breckenridge and/or Centrix.

d.     On the Third Counterclaim, granting judgment in favor of Defendants jointly as against Plaintiff in an amount to be proven at trial but believed to be in excess of $2,000,000.00, and

e.      On the Fourth Counterclaim, granting judgment in favor of Defendants

jointly as against Plaintiff in an amount to be proven at trial but believed to be in excess

of $2,000,000.00, and

f.      Granting Defendants such other and further relief as the Court may deem

just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Interpharm

demands a trial by jury of all issues properly triable to a jury in this case.

Dated:  New York, New York
        May 1, 2008                             Respectfully submitted,

                                                GUZOV OFSINK, LLC

                                                By:  __/s/ Debra J. Guzov_____
                                                     Debra J. Guzov (DG 7125)
                                                     David J. Kaplan (DK 0100)
                                                *Attorneys for Defendants.*
                                                600 Madison Avenue, 14th Floor
                                                New York, NY 10022
                                                (212) 371-8008