UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRECKENRIDGE PHARMACEUTICAL, INC., <br><br>Plaintiff, <br><br>v. <br><br>INTERPHARM HOLDINGS, INC., and INTERPHARM, INC., <br><br>Defendants. | Civil Action No. 08-cv-03479 (JES) |

**REPLY OF PLAINTIFF BRECKENRIDGE PHARMACEUTICAL, INC.
TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Breckenridge Pharmaceutical, Inc. ("Breckenridge"), by its attorneys, replies as follows to Defendants' Counterclaims:

**First Counterclaim**
**(Breach of Contract)**

1. Breckenridge denies the allegations contained in paragraph 1 of Defendants' Counterclaims, but admits that it entered into a certain letter agreement with Interpharm on or about March 6, 2008, the terms of which speak for themselves.

2. Breckenridge denies the allegations contained in paragraph 2 of Defendants' Counterclaims, because any EE/MT product supplied to Breckenridge was required to be supplied by Interpharm pursuant to the terms provided in the purchase orders attached to the Termination Agreement, and because Breckenridge agreed only to purchase a maximum of 120,000 bottles of EE/MT.

3. Breckenridge admits the allegations contained in paragraph 3 of Defendants' Counterclaims.

4. Breckenridge denies the allegations contained in paragraph 4 of Defendants' Counterclaims.

5. Breckenridge denies the allegations contained in paragraph 5 of Defendants' Counterclaims.

6. Breckenridge denies the allegations contained in paragraph 6 of Defendants' Counterclaims, but admits that it put all open purchase orders for EE/MT from Interpharm on hold due to Interpharm's failure to supply the EE/MT products pursuant to the terms of the purchase orders.

7. Breckenridge denies the allegations contained in paragraph 7 of Defendants' Counterclaims.

8. Breckenridge denies the allegations contained in paragraph 8 of Defendants' Counterclaims.

### Second Counterclaim
**(Declaratory Judgment / Injunction)**

9. Breckenridge incorporates its responses to the previous paragraphs as if set forth fully herein.

10. Breckenridge admits that the language quoted in paragraph 10 of Defendants' Counterclaims is contained in the Termination Agreement.

11. Breckenridge denies that the contractual language quoted in paragraph 11 precludes in any way the remedies sought by Breckenridge against Defendants in the instant lawsuit.

12. Breckenridge denies the allegations contained in paragraph 12 of Defendants' Counterclaims.

13.     Breckenridge denies the allegations contained in paragraph 13 of Defendants' Counterclaims.

14.     Breckenridge denies that it has violated any terms of the Termination Agreement, but admits that a live controversy exists between it and Defendants.

15.     Breckenridge denies the allegations contained in paragraph 15 of Defendants' Counterclaims.

### Third Counterclaim
**(Tortious Interference with Prospective Economic Advantage)**

16.     Breckenridge incorporates its responses to the previous paragraphs as if set forth fully herein.

17.     Breckenridge lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies such allegations.

18.     Breckenridge denies the allegations contained in paragraph 18 of Defendants' Counterclaims.

19.     Breckenridge denies the allegations contained in paragraph 19 of Defendants' Counterclaims.

20.     Breckenridge denies the allegations contained in paragraph 20 of Defendants' Counterclaims.

21.     Breckenridge denies the allegations contained in paragraph 21 of Defendants' Counterclaims.

22.     Breckenridge denies the allegations contained in paragraph 22 of Defendants' Counterclaims.

23. Breckenridge denies the allegations contained in paragraph 23 of Defendants' Counterclaims.

24. Breckenridge denies the allegations contained in paragraph 24 of Defendants' Counterclaims.

25. Breckenridge denies the allegations contained in paragraph 25 of Defendants' Counterclaims.

### Fourth Counterclaim
**(Monopolization under section 2 of the Sherman Anti-Trust Act)**

26. Breckenridge incorporates its responses to the previous paragraphs as if set forth fully herein.

27. Breckenridge denies the allegations contained in paragraph 27 of Defendants' Counterclaims.

28. Breckenridge denies the allegations contained in paragraph 28 of Defendants' Counterclaims, but admits that Glenmark, Prasco and Lannett all sell generic EE/MT.

29. Breckenridge denies the allegations contained in paragraph 29 of Defendants' Counterclaims.

30. Breckenridge denies the allegations contained in paragraph 30 of Defendants' Counterclaims.

31. Breckenridge denies the allegations contained in paragraph 31 of Defendants' Counterclaims, but admits that it was involved in prior litigation with Glenmark Pharmaceuticals Inc, USA, which lawsuit was resolved by a settlement between the parties.

32. Breckenridge denies the allegations contained in paragraph 32 of Defendants' Counterclaims.

33. Breckenridge denies the allegations contained in paragraph 33 of Defendants' Counterclaims.

34. Breckenridge denies the allegations contained in paragraph 34 of Defendants' Counterclaims.

### AFFIRMATIVE DEFENSES

1. Defendants' Counterclaims fail to state a claim upon which relief may be granted.

2. Defendants' Counterclaims are barred by Defendants' prior breach of any pertinent contracts and/or Defendants' tortious acts.

3. Defendants' Counterclaims are barred by a prior settlement and mutual release.

4. Defendants' Counterclaims are barred by the doctrine of unclean hands.

5. Defendants have failed to mitigate the damages they claim in the Counterclaims.

WHEREFORE, Breckenridge respectfully prays for:

A. A judgment dismissing Defendants' Counterclaims with prejudice; and

B. A judgment awarding Breckenridge such other and further relief against Defendants as the Court deems just and proper.

Dated:  New York, New York
        May 21, 2008

        /s/ C. Randolph Ross.
C. Randolph Ross, Esquire (CR 8966)
Kathleen Van De Loo, Esquire (KO 0310)
CROWELL & MORING, LLP
153 East 53rd Street, 31st Floor
New York, New York 10022
Telephone:  (212) 895-4200
Fax:  (212) 223-4134

Attorneys for Plaintiff
Breckenridge Pharmaceutical, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRECKENRIDGE PHARMACEUTICAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-cv-03479 |
| INTERPHARM HOLDINGS, INC., and INTERPHARM, INC., | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2008, the foregoing Reply of Plaintiff Breckenridge Pharmaceutical, Inc. to Defendants' Counterclaims was served by electronic mail, and also electronically on all counsel of record via the Court's ECF system.

        By:  /s/ C. Randolph Ross
        C. Randolph Ross, Esquire (CR 8966)
        CROWELL & MORING, LLP
        153 East 53rd Street, 31st Floor
        New York, New York 10022
        Telephone: (212) 895-4200
        Fax: (212) 223-4134

        Attorneys for Plaintiff
        Breckenridge Pharmaceutical, Inc.