USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 5/27/08

## Fidelity and Deposit Company of Maryland
Home Office: P.O. Box 1227, Baltimore, MD 21203-1227

Bond No. CGB 7600427

# UNDERTAKING ON PRELIMINARY INJUNCTION

**United States District Court**
**Southern District of New York**

-------------------------------------------------

**Breckenridge Pharmaceutical, Inc.,**                    08 Civ. 3479 (JES)

              **Plaintiff,**

- against -

**Interpharm Holdings, Inc. and**
**Interpharm, Inc.,**

              **Defendants.**

-------------------------------------------------

ORIGINAL

**WHEREAS**, on the 22nd day of May, 2008, the Plaintiff, the above named, was granted a preliminary injunction upon the posting of a bond in the amount of $25,000.00, in the above entitled action, restraining the Defendants from doing certain things as more fully set forth in the order by the Honorable John E. Sprizzo.

**NOW, THEREFORE,** the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, having an office and principal place of business for the State of New York at One Liberty Plaza, 165 Broadway, New York, New York 10006, does hereby, pursuant to the Statute in such case made and provided, undertake that the Plaintiff will pay to the Defendants so enjoined, such damages and costs not exceeding the sum of Twenty Five Thousand and No/100---($25,000.00)---Dollars as it may sustain by reason of the injunction, if the Court shall finally decide that the Plaintiff was not entitled thereto; such damages and costs to be ascertained by a reference, or otherwise as the Court shall direct.

DATED: May 22nd, 2008

                                                    **Fidelity and Deposit Company of Maryland**

                                                    By: _Annie Sawh_

                                                        **Annie Sawh, Attorney-in-fact**

Approved
5/27/08
S/ Michael M. Mahan

form#

## ACKNOWLEDGMENT OF SURETY

STATE OF NEW YORK }
COUNTY OF __New York__ }
SS:

On the __22nd__ day of __May__ in year __2008__ before me personally came __Annie Sawh__ to me known, who being by me duly sworn, did depose and say that he/she resides at __One Liberty Plaza - 165 Broadway, New York, N.Y., 10006__, that he/she is the Attorney-in-Fact of __Fidelity and Deposit Company of Maryland__, the corporation described in and which executed the above instrument; that he/she knows the corporate seal of said corporation, that the seal affixed to such instrument is such corporate seal: that it was so affixed by order of the Board of Directors of said corporation, and, that he/she signed his/her name thereto by like order; and that said corporation is duly authorized to transact business in the State of New York in pursuance of the statutes of such case made and provided, that the Superintendent of insurance of the State of New York, has, pursuant to Chapter 28 of the Consolidated Laws of the State of new York, known as the Insurance Law, issued to

Fidelity and Deposit Company of Maryland

a Certificate of Solvency and qualification to become surety or guarantor on all bonds, undertakings, recognizances. guaranties and other obligations required or permitted by law and that such certificate has not been evoked.

*[signature]*
Notary Public

COLETTE M. BLAIKIE
Notary Public, State of New York
No. ...
Qualified in ... County
Certificate Filed in New York County
Commission Expires December 16, 20__10__

## Power of Attorney
## FIDELITY AND DEPOSIT COMPANY OF MARYLAND

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by PAUL C. ROGERS, Vice President, and T. E. SMITH, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint **Donald B. BLAIKIE, D. Nicholas BLAIKIE, Colette M. BLAIKIE, Maureen PFEFFER, Jane ROUSSEAU and Annie SAWH, all of New York, New York, EACH** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings**, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Donald B. BLAIKIE, D. Nicholas BLAIKIE, Colette M. BLAIKIE, Maureen PFEFFER, Jane ROUSSEAU, Annie SAWH, dated December 3, 2002.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 23rd day of October, A.D. 2003.

ATTEST:                                                         **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**



*T. E. Smith*     *Assistant Secretary*     By:     *Paul C. Rogers*     *Vice President*

State of Maryland } ss:
City of Baltimore }

On this 23rd day of October, A.D. 2003, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came PAUL C. ROGERS, Vice President, and T. E. SMITH, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Dennis R. Hayden*     *Notary Public*
My Commission Expires: February 1, 2009

POA-F 093-4260



# FIDELITY AND DEPOSIT COMPANY
### OF MARYLAND
### 3910 KESWICK ROAD, BALTIMORE, MD 21211-2226

**Statement of Financial Condition**
As Of December 31, 2007

## ASSETS

| | |
|---|---:|
| Bonds | $ 152,119,394 |
| Stocks | 43,598,075 |
| Cash and Short Term Investments | 58,417,758 |
| Reinsurance Recoverable | 20,969,268 |
| Other Accounts Receivable | 40,255,904 |
| **TOTAL ADMITTED ASSETS** | **$ 315,360,399** |

## LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $ 875,904 |
| Ceded Reinsurance Premiums Payable | | 70,455,734 |
| Securities Lending Collateral Liability | | 43,430,120 |
| **TOTAL LIABILITIES** | | **$ 114,761,758** |
| Capital Stock, Paid Up | $ 5,000,000 | |
| Surplus | 195,598,641 | |
| Surplus as regards Policyholders | | 200,598,641 |
| **TOTAL** | | **$ 315,360,399** |

Securities carried at $34,597,845 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2007 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $315,825,091 and surplus as regards policyholders $201,063,333.

I, DAVID A. BOWERS, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2007.

*[signature]*
*Corporate Secretary*

State of Illinios  
City of Schaumburg  } SS:

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 14th day of March, 2008.

*[notary seal: MARLO G. SARABYN, MY COMMISSION EXPIRES NOVEMBER 25, 2011]*

*[signature] Marlo G. Sarabyn*
*Notary Public*

# Disclosure Statement



Court Bonds - BO

## ZURICH AGENT/BROKER COMPENSATION DISCLOSURE

Dear Policyholder:

On behalf of Zurich, we are glad you have chosen us as your insurance company. We look forward to meeting your insurance needs and want you to understand clearly our business relationship with the agent or broker you chose to represent your company's interests in the placement of insurance coverages.

As is the case with many insurance companies in the United States, Zurich distributes many of its insurance products through agents or brokers. This means that your agent or broker is not employed by Zurich and, in fact, may represent many insurance companies. Because we do not employ your agent or broker, the way they are compensated may vary. We recommend you discuss these arrangements with your agent or broker.

For an explanation of the nature and range of compensation Zurich may pay to your agent or broker in connection with your business, please go to **http://www.zurichna.com**. Click on the information link located on the Agent/Broker Compensation Disclosure section. Where appropriate, insert the Access Code provided below, and you will be able to view this information. Alternatively, you may call (877) 347-6465 to obtain this type of information.

Thank you.

Access Code: 2016104473

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRECKENRIDGE PHARMACEUTICAL, INC.,

                    Plaintiff,

        - against -                          08 Civ. 3479 (JES)

INTERPHARM HOLDINGS, INC., and                    ORDER
INTERPHARM, INC.,

                    Defendants.
------------------------------------X
```

Counsel to all parties in the above-captioned action having appeared before the Court for a Preliminary Injunction Hearing, and the Court having considered all matters raised, it is

**ORDERED** that, for the reasons stated on the record, plaintiff's Motion for a Preliminary Injunction shall be and is hereby granted; and it is further

**ORDERED** that, upon the posting of a bond, in compliance with the provisions of Rule 65.1 of the Local Civil Rules of the United States District Court of the Southern District of New York, in the amount of $25,000 with the Clerk of the United States District Court for the Southern District of New York, a preliminary injunction shall issue and be in effect, as follows:

Defendants are prohibited from using, directly or indirectly, plaintiff's confidential information obtained pursuant to the profit-splitting arrangement or any information derived therefrom for any purpose unrelated to their continuing obligations under the Supply Agreement, if any, and shall return all confidential information to plaintiff by May 30, 2008.

Defendants are prohibited from disclosing, directly or indirectly, plaintiff's confidential information or any information derived therefrom, to any ~~other party~~ other person.

It is further **ORDERED** that all of the above restrictions and prohibitions shall apply to, and be binding upon, any of defendants' transferees, successors or assigns.

Dated:   New York, New York
         May 22, 2008

                                    _____
                                    John E. Sprizzo
                                    United States District Judge